Tobia & Lovelace Esqs., LLC
5 Sicomac Road
Suite 177
North Haledon, NJ 07508
973-568-5800
201.638.0990
Ronald L. Tobia
Othiamba N. Lovelace
rtobia@tobialovelaceesqs.com
otlovelace@tobialovelaceesqs.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UTILITY SYSTEMS, INC., <br><br> Petitioner, <br><br> vs. <br><br> INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 AFL-CIO, <br><br> Respondent. | Civil Action No. <br><br> Honorable <br><br><br> **VERIFIED PETITION TO VACTE ARBITRATION AWARD** |

Petitioner, Utility Systems Inc. ("Petitioner" or "Utility"), by way of this Verified Complaint ("Complaint") against International Union of Operating Engineers Local 825 AFL-CIO ("Respondent" or "Local 825") says:

**NATURE OF CASE**

1. This matter concerns Petitioner's request to vacate the arbitration award issued on August 14, 2020 (the "Award"), by Arbitrator Gerard G. Restaino (the "Arbitrator") pursuant to the procedures of the New Jersey State Board of Mediation. The Award must be vacated because the Arbitrator failed to give Utility a fair and complete hearing when he denied their request to reopen the record so that key rebuttal witnesses could be called to testify

after the parties failed to settled the matter. The Arbitrator engaged in further misconduct when he ignored relevant case law and failed to refer the matter to tripartite arbitration, even though Utility was involved in two arbitrations concerning the same facts and circumstances that could potentially lead to the issuance of inconsistent decisions concerning Utility's obligations under the collective bargaining agreements at issue in addition to issuing inconsistent decisions that would impact the work sharing agreement in place between the parties for 35 years.

2. As a direct result of the Arbitrator's misconduct, Utility was deprived of its opportunity to have a fair and complete hearing, therefore, the Award issued by the Arbitrator must be vacated.

## PARTIES

3. Utility is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 650 Leesville Ave, Rahway, New Jersey. At all times hereinafter set forth, Utility was an "employer in an industry affecting commerce," as defined in §§501 (1) and (3) and 2(2) of the Labor Management Relations Act of 1947 as Amended ("LMRA") (29 U.S.C. §142 [1] and [3] and §152 [2]), and within the meaning of Section 301 thereof (29 U.S.C. §185).

4. Local 825 Operating Engineers, having a principal office at 65 Springfield Avenue, Springfield N.J., 07081 is an unincorporated association that acts as a collective bargaining agent for Operating Engineers who operate heavy and power-driven equipment who perform work within their jurisdiction in matters of wages, hours of work, and other working conditions. At all times hereinafter set forth, Local 825 Operating Engineers was a "labor organization representing employees in an industry affecting commerce," as

defined in §§501 (1) and (3) and 2(5) of the LMRA (29 U.S.C. §142 [1] and [3] and §152 [5]), and within the meaning of Section 301 thereof (29 U.S.C. §185).

## VENUE AND JURISDICTION

5. This Court possesses jurisdiction over this matter pursuant to § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C.§ 185, since this action seeks to vacate a labor arbitration award pursuant to a Collective Bargaining Agreement.

6. This Court further possesses jurisdiction over this matter pursuant to the provisions of 28 U.S. C. § 2201, § 2202, the Declaratory Judgment Act of June 25, 1948 (62 Stat. 964, as amended) with powers to render a declaratory judgment and grant such other relief herein sought by interpreting the Collective Bargaining Agreement.

## FACTS COMMON TO ALL COUNTS

7. As acknowledged in the Award and as set forth in the certification of the Secretary/Treasurer of Utility and P&A Construction, Inc. ("P&A"), Ms. Benedita P. Barrows, P&A has been a signatory to a collective bargaining agreement with the Local 15024 Steelworkers since 1972. A true and correct copy of the Award is attached hereto has Exhibit A.

8. A true and correct copy of Ms. Barrow's Certification setting forth the key facts recited in this Complaint is attached hereto as Exhibit B.

9. In 1981, Local 825 began to harass P&A concerning its use of Local 15024 Steelworkers on its projects in New Jersey.

10. In 1982, P&A began to engage in negotiations with Local 825 to resolve the dispute between the parties concerning P&A's use of Local 15024 within the jurisdiction of Local 825.

11. Utility was created so that P&A could, through Utility, continue negotiating a settlement and eventually sign a collective bargaining agreement with Local 825 Operating Engineers to resolve the dispute between the parties.

12. In February of 1983, while negotiations were still ongoing, Local 825's operators violently picketed P&A in East Hanover, NJ.

13. The 1983 picket was covered by the local press and resulted in P&A taking Local 825 to state court in an effort to restrain Local 825's operators from disrupting its projects and harassing its Local 15024 Steelworkers.

14. The ongoing dispute was covered by the local media. A true and correct copy of a newspaper article coving the dispute is attached hereto as Exhibit C.

15. In 1983, P&A and Local 825 Operating Engineers reached an agreement, without a formal collective bargaining agreement having been signed, pursuant to which Local 825 Operating Engineers would stop harassing P&A over its use of Local 15024 Steelworkers in exchange for P&A agreeing to hire a few Local 825 Operating Engineers operators on its jobs through Utility to supplement its Local 15024 Steelworkers workforce.

16. Based on this work-sharing agreement, from 1983 to 1985 several Local 825 operators began working for Utility and in return Local 825 Operating Engineers ceased its harassment of P&A and its Local 15024 Steelworkers.

17. In 1985, Utility signed a collective bargaining sewer agreement with Local 825 and since that time Utility, P&A, Local 825 and Local 15024 have continued to abide by the work-sharing agreement reached between the parties in 1983.

18. Local 825 conducted numerous audits of Utility after the collective bargaining agreement was signed and Local 825 never considered the work-sharing agreement to be a violation of Utility's collective bargaining agreement.

19. Utility and P&A have overlapping management and have used the work-sharing agreement to jointly work on projects as one company since 1983.

20. Since on or about September 10, 2018, Local 825 has claimed jurisdiction over all of the operating engineer work being performed by P&A/Utility's employees who are members of Local 15024 in violation of the work sharing agreement entered into by the parties in 1983.

21. This resulted in Local 825 initiating an arbitration against Utility concerning the work sharing agreement.

22. The arbitration between Local 825 and Utility was held over the course of three days on September 24th, November 5th, and November 6th of 2019.

23. Before the Local 825 Arbitration was concluded, Utility and P&A initiated an arbitration with Local 15024 to determine their rights and duties in relation to their collective bargaining agreement with Local 15024 in light of the claims raised by Local 825 in their Arbitration.

24. As a result, Utility and P&A are currently facing one arbitration Award that has denied the existence of the work sharing agreement and has found Utility to be in violation of Local 825's collective bargaining agreement because Utility and P&A used Local 15024 steelworkers as operators.

25. Utility and P&A are also still presently engaged in an arbitration with Local 15024 Steelworkers to determine how they can continue working with both unions now that Local

825's appointed arbitrator has ruled that it is improper for them to use Local 15024 Steelworkers as operators.

26. As such, there is a strong possibility that the decision eventually rendered by Local 15024's arbitrator will be in direct conflict with the Award.

27. In an effort to prevent Utility and P&A from being subjected to conflicting arbitration awards, Utility and P&A filed an action in the District Court of New Jersey requesting that the parties be ordered to resolve their ongoing dispute in a tripartite arbitration involving both unions.

28. The District Court denied Utility and P&A's request in an opinion issued on February 18, 2020. As a result, Utility and have appealed that decision to the Third Circuit and that matter is still ongoing.

29. Prior to the Arbitration, during the Arbitration, and after the Arbitration, Utility submitted numerous requests asking that the Arbitration either be submitted to tripartite arbitration or that the Arbitrator withhold his decision until after the Third Circuit had an opportunity to render a decision as to whether a tripartite arbitration would be ordered. However, despite the two ongoing arbitrations, the Arbitrator denied Utility's reasonable requests. A copy of the Utility's post arbitration brief requesting that the Arbitrator withhold his decision is attached hereto as Exhibit D.

30. As the initial hearings for the Arbitration came to a close in November of 2019, both parties believed that they had reached a tentative settlement agreement in the matter.

31. However, in the months following the Arbitration it became clear that the parties would not be able to complete the settlement.

32. As a result, on or about February 6, 2020, counsel for Utility submitted a motion requesting that the record be reopened because the matter had not settled. A true and correct copy of Utility's motion requesting to reopen the record is attached hereto as Exhibit E.

33. Specifically, Utility's counsel stated that he needed to reopen the record because he only decided to rest his case during the initial hearing because a tentative settlement had been reached. However, since the settlement failed, Utility needed an opportunity to call as rebuttal witnesses Frank Pinho and Dita Barros, owners of the Utility, as well as Business Representatives of the Local 825 who visited the jobs of Utility and who administered the collective bargaining agreements. The rebuttal testimony was also essential to clarify the testimony of two prior witnesses, Joe Scarpone and James Stevens.

34. However, as acknowledged in the Award, on February 17, 2020, the arbitrator denied Utility's motion to reopen the record.

35. As a result of the Arbitrator's conduct, Utility was denied its opportunity to have a fair and complete hearing on the merits.

## CLAIM FOR RELIEF

36. The Arbitrator's failure to grant Utility's motion to reopen the record to submit testimony from key witnesses and his refusal to either order the parties to participate in a tripartite arbitration or withhold his decision until after the Third Circuit Court made a decision concerning the matter, constitutes a level of misconduct sufficient to vacate the arbitration award under the Federal Arbitration Act, 9 U.S.C. § 10(a).

**WHEREFORE**, Utility demands judgment as follows:

a. Ordering that the Award be vacated;

b. Ordering the award of attorney's fees and costs of suit incurred to Utility; and

c. Awarding any other relief the Court deems just and equitable under the circumstances.

TOBIA & LOVELACE ESQS., LLC

BY: /s/ Othiamba N. Lovelace
OTHIAMBA N. LOVELACE

**DATED**: October 13, 2020

### CERTIFICATION PURSUANT TO R. 4:5-1

The matter in controversy is related to an ongoing matter currently in the Third Circuit, Case number 20-1634. This matter is also related to an ongoing arbitration between P&A and the Local 15024 Steelworkers, as mentioned in the above pleadings.

TOBIA & LOVELACE ESQS., LLC

BY: /s/ Othiamba N. Lovelace
OTHIAMBA N. LOVELACE

**DATED**: October 13, 2020

### CERTIFICATION PURSUANT TO R. 1:38-7(c)(2)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

TOBIA & LOVELACE ESQS., LLC

BY: /s/ Othiamba N. Lovelace
OTHIAMBA N. LOVELACE

**DATED**: October 13, 2020

4829-4888-9779.v1

## CERTIFICATION IN LIEU OF OATH OR AFFIDAVIT

I have read the above Verified Petition and swear that the facts contained therein are true to the best of my personal knowledge, information and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                TOBIA & LOVELACE ESQS., LLC

                BY:  */s/ Othiamba N. Lovelace*
                  **OTHIAMBA N. LOVELACE**

**DATED**: October 13, 2020

4829-4888-9779.v1