

**From:** Tobia, Ronald L. <rtobia@csglaw.com>
**Sent:** Thursday, February 6, 2020 4:46 PM
**To:** ggrestaino@hotmail.com
**Cc:** lauren Bonaguro <lbonaguro@decotiislaw.com>; Lovelace, Othiamba N. <olovelace@csglaw.com>
**Subject:** Utility Systems and L. 825 IUOE Arbitration/ MOTION TO RE-OPEN THE RECORD

Dear Arbitrator Restaino,

Please consider this email as a MOTION TO RE-OPEN THE RECORD IN THE WITHIN MATTER.

The basis of this request is that in order to effectuate a settlement I chose to rest my case without calling as rebuttal witnesses Frank Pinho and Dita Barros, owners of the company, as well a Business Representatives of the union who visited the jobs of Utility and who administered the CBA so as not to prolong the proceedings. The rebuttal testimony is essential to clarify the testimony of two prior witnesses, Joe Scarpone and James Stevens.

The law is well settled in this regard as follows:

The Federal Arbitration Act, 9 U.S.C. § 10(a), provides, in pertinent part, that a district court "may make an order vacating the award upon the application of any party to the arbitration . . . where the arbitrators were guilty of misconduct in refusing to postpone the hearing . . . or in refusing to hear evidence pertinent and material to the controversy[.]" 9 U.S.C. § 10(a)(3). The Third Circuit has defined "misconduct" under this provision as conduct "which so affects the rights of a party that it may be said that he was deprived of a fair hearing." Coastal Gen. Const. Servs. Corp. v. Virgin Islands Hous. Auth., 98 F. App'x 156, 159 (3d Cir. 2004) (quoting Newark Stereotypers' Union v. Newark Morning Ledger Co., 397 F.2d 594, 599 (3d Cir. 1968); see also Concourse Beauty School, Inc. v. Polakov, 685 F.Supp. 1311, 1318 (S.D.N.Y. 1988) ("The misconduct must amount to a denial of fundamental fairness of the arbitration proceeding in order to warrant vacating the award."). An arbitrator "must give each of the parties to the dispute an adequate opportunity to present its evidence and argument." Tempo Shain Corp. v. Bertek, Inc., 120 F.3d 16, 20 (2d Cir. 1997) (quoting Hoteles Condado Beach v. Union De Tronquistas Local 901, 763 F.2d 34, 39 (1st Cir. 1985).

The Third Circuit has found that arbiters engaged in misconduct where they failed to postpone an arbitration hearing after a union failed to provide the accused employer access to the documents supporting the union's claims until twenty-four hours before the arbitration hearing. Coastal Gen., 98 F. App'x at 159. In Coastal General, the Third Circuit upheld the trial court's order vacating the arbitration award after finding the arbiters engaged in misconduct by not adjourning the arbitration hearing. The court explained that the union "refused to supply supporting documentation for its original claim and, less than twenty-four hours before the arbitration hearing was set to begin, presented hundreds of pages of

documents in support of an amended claim for almost double the amount of the original claim." Ibid. Based on these facts, the court found that the arbiter's decision to not postpone the hearing amounted to misconduct under the Federal Arbitration Act.

Furthermore, it is well-established than an arbitration panel engages in misconduct where an arbitration hearing is not adjourned when key witnesses are not present.  See Tempo Shain, 120 F.3d at 20 (vacating the arbitration award where, by not allowing a witness to testify, "the panel excluded evidence plainly 'pertinent and material to the controversy.'"); see also Allendale Nursing Home, Inc. v. Local 1115 Joint Bd., 377 F. Supp. 1208, 1214 (S.D.N.Y. 1974) (vacating an arbitration award where the arbiters failed to grant an adjournment where the employer's witness fell ill during the hearing); Tube & Steel Corp. of America v. Chicago Carbon Steel Products, 319 F.Supp. 1302 (S.D.N.Y.1970) (vacating an arbitration award when an out-of-town party was unable to attend).

Based on the above, I respectfully request that the record in the above matter be re-opened to permit additional rebuttal witnesses.

**RONALD L. TOBIA**
Member

[Chiesa, Shahinian & Giantomasi, PC]    973.530.2044

973.530.2244 *fax*

rtobia@csglaw.com

**Chiesa Shahinian & Giantomasi PC**
One Boland Drive | West Orange, NJ 07052

WEBSITE | VCARD



image001.png
3K